IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:11MJ42-1 |
| | ) | CR 09-01005-VBF-41 |
| | ) | (C.D. Cal.) |
| BRANDON ROSHOD ROSS | ) | |

## MEMORANDUM OPINION AND ORDER

A federal grand jury for the Central District of California indicted the defendant (and numerous others) for participating in a bank fraud scheme. The defendant was arrested in the Western District of North Carolina on a warrant issued as a result of that indictment. The United States District Court for the Western District of North Carolina released the defendant on conditions, including that he not violate any state or local laws. The defendant subsequently committed, was charged, and was convicted of various North Carolina state offenses, including driving while impaired and hit-and-run; he received a suspended prison sentence and probation. The defendant thereafter pleaded guilty in the United States District Court for the Central District of California to charges in the above-referenced bank fraud indictment and remained released on conditions.

Following entry of his guilty plea in federal court, a North Carolina state court revoked the defendant's state probation and activated his suspended state prison sentence because the defendant violated conditions of his state probation, including by failing to comply with his curfew, to complete his drunk-driving assessment, and to pay various required financial obligations. On the date of

the defendant's scheduled sentencing on the bank fraud charges, the defendant's counsel in said case advised the United States District Court for the Central District of California that the defendant was in state custody, whereupon a bench warrant was issued for "Violation of Pretrial Release."  The defendant was arrested on that warrant in this district upon his release from state custody for the state probation revocation sentence.

At his initial appearance in this Court after that arrest, the defendant requested that this Court conduct any proceedings allowed by law before committing him to return to the Central District of California.  The Court appointed counsel for the defendant and scheduled a status conference.  At that conference, the Court announced its view that the defendant had the right, under Federal Rule of Criminal Procedure 40(c), to have this Court determine whether he should remain under his existing release order, but that, pursuant to Title 18, United States Code, Section 3148(b), only "a judicial officer" in the Central District of California – and, "[t]o the extent practicable, . . . the judicial officer who ordered the release" – could address the issue of whether probable cause existed as to the defendant's alleged violation of conditions of his federal pretrial release.[1]  The Court then set a further hearing on the issue of continued release under Rule 40(c).

---

[1] The Court arrived at this view after examining the decisions in United States v. Cannon, 711 F. Supp. 2d 602 (E.D. Va. 2010), United States v. Jaitly, Magistrate Case No. 09-644-M, 2009 WL 1675086 (E.D. Pa. June 15, 2009) (unpublished), and United States v. Zhu, 215 F.R.D. 21 (D. Mass. 2003).

In advance of that hearing, the United States Probation Office, Pretrial Services Unit for this district provided the Court and the parties with documents from the United States Pretrial Services Office for the Central District of North Carolina regarding the course of the defendant's federal pretrial release, as well as the state probation violation reports as to the defendant. In addition to documenting the information set forth above about the defendant's experience under federal pretrial release and state probation, these materials reflected that, upon his arrest for violating his state probation conditions, the defendant "allegedly had in possession a hydrocodone pill with no prescription, $400 cash and three cell phones on his person."

At the hearing, the defendant consented to the Court's consideration of the information in the materials gathered by the Pretrial Services Unit and acknowledged that his state probation had been revoked for failing to meet curfew, to complete his drunk-driving assessment, and to pay fees. The defendant also conceded that, although he was unemployed during the period of his federal pretrial release and state probation, he had $400 cash upon his arrest on the state probation violation charge. In support of his request to continue under the existing federal pretrial release order, the defendant proffered that his grandmother would allow him to reside with her (as he had before his state incarceration) and that the defendant had appeared for other proceedings in the United States District Court for the Central District of California.

The undersigned United States Magistrate Judge thereafter announced in open court that the existing release order would be modified to require the defendant's detention pending further proceedings in the United States District Court for the Central District of California. The Court now enters this written order memorializing the reasons for that ruling as Rule 40(c) requires.

At the time of a defendant's initial arrest, federal courts may detain a defendant only based on risk of non-appearance and risk of danger. See 18 U.S.C. § 3143(e)(1). However, in assessing the propriety of detention in the context of a defendant's alleged violation of a prior release order, federal courts also may consider whether the defendant "is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). In applying Rule 40(c) in a case (such as this one) in which the defendant has been arrested for violating conditions of pretrial release, the Court concludes that it should consider the additional criterion identified in Section 3148(b). The undisputed information before the Court reflects that the defendant has manifested a clear inability or unwillingness to comply with conditions imposed by federal and state courts; moreover, the Court has no basis to conclude that this pattern will change at this time. Accordingly, the Court will exercise its discretion under Rule 40(c) to modify the existing release order to require the

defendant's detention pending further proceedings in the United States District Court for the Central District of California.[2]

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Criminal Procedure 40(c), the previous release order entered by the United States District Court for the Western District of North Carolina is modified to require the defendant's detention pending further proceedings in the United States District Court for the Central District of California.  The defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                                  /s/ L. Patrick Auld
                                                      **L. Patrick Auld**
                                    **United States Magistrate Judge**

March 22, 2011

---

[2] The Court further notes that had the United States District Court for the Central District of California wished for the defendant to remain under the existing release order it could have simply continued his sentencing date to a date after his release from state custody, rather than issuing a bench warrant for violation of pretrial release conditions.